Marguerite O'Brien, Appellant, v. Quin O'Brien, Appellee.

**Gen. No. 41,609.**

Heard in the third division of this court for the first district at the February term, 1941. Opinion filed June 25, 1941. Rehearing denied September 26, 1941.

Theodore W. Miller, of Chicago, for appellant.

McKinley, Price & Quindry and Robert E. Cantwell, Jr., both of Chicago, for appellee; William Mc-

KINLEY, PAUL E. PRICE and ROBERT E. CANTWELL, JR., of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff brings this appeal from an order entered in the superior court dismissing a bill for divorce which previously had been filed by plaintiff against defendant. During the pendency of the suit the defendant Quin O'Brien died and his heirs at law, because of such death, were made successor appellees by the order of court on March 12, 1941, naming Brendan Q. O'Brien as trustee, grantee of Quin O'Brien. Also, by order of this court counsel for the original defendant, Quin O'Brien, were to stand as the solicitors of record. The defendants so substituted adopted all the proceedings theretofore taken in the above-entitled cause by said Quin O'Brien, deceased.

Plaintiff's complaint for divorce, filed against the defendant Quin O'Brien, since deceased, alleged that on May 2, 1936, a marriage ceremony was performed between said parties in Louisville, Kentucky, under certain alleged circumstances therein set forth; alleges that at that time plaintiff believed that the person officiating at such alleged ceremony had authority to perform it and that plaintiff participated therein in good faith.

The original defendant filed a motion to strike and dismiss said complaint with prejudice and for judgment in his favor, alleging that it was insufficient to state a cause of action under the Kentucky and Illinois statutes and that a common-law marriage is void, and raising the specific grounds of defense, *res adjudicata*, laches, fraud, that the plaintiff failed to come into court with clean hands, and that the complaint stated an alleged marriage in Kentucky of residents of Illinois in violation of the Illinois Uniform Marriage Evasion Act.

A hearing was had upon said complaint and motion by the trial court, which found that it had jurisdiction of the subject matter of the cause, and of the parties, that said complaint was insufficient and failed to state a cause of action, and that said motion to strike the complaint for insufficiency in law to state a cause of action and to dismiss said cause for want of equity with prejudice was well founded in law and should be sustained, whereupon the plaintiff elected to stand on and abide by said complaint and refused to file an amended complaint or to plead over, and thereupon the court entered a final decree or order sustaining said motion and dismissing the cause of action for want of equity with prejudice at plaintiff's costs, which final decree or order states that it shall be treated and regarded and stand in all respects as the final decree in said cause.

The complaint alleges that on May 2, 1936, a marriage ceremony was performed by an actual person purporting to be one Judge Jeffries, at the Brown Hotel, in Louisville, Kentucky, between the parties to this cause and at that time plaintiff believed said person had authority to perform said ceremony and plaintiff participated therein in good faith believing herself married to defendant by virtue of said ceremony and that two other persons witnessed said ceremony; that at said ceremony said person asked the parties to this cause if each would take the other as his and her lawful wife and husband, respectively, to which the parties to this cause answered in the affirmative, and thereupon pronounced said parties man and wife; that she has since been informed, and by defendant himself, in January 1937, that defendant entered into said ceremony in bad faith with a spurious license, defendant intending that the ceremony remain secret and invalid in order to seduce plaintiff; that the Kentucky law in force at the time of the ceremony provided:

Carroll's Ky. Stats. Bald's. 1936 Ed., sec. 2102, ch. 66 (husband & wife):

"No marriage solemnized before any person professing to have authority therefor shall be invalid for the want of such authority, if it is consummated with the belief of the parties, or either of them, that he had authority and that they have been lawfully married. (1893, c. 205, p. 925, sec. 7.)''; that the Supreme Court of Kentucky has interpreted the aforesaid statute of Kentucky together with the laws of that State pertaining to marriage licenses by holding that such licenses are directed to the functionaries performing the ceremony and pertain to the authority of the functionary to perform a particular ceremony rather than a grant of permission to two people to be married, as in this State (Illinois), and that a license is unnecessary in Kentucky to effect a valid ceremony and that a common-law marriage in fact is all that need be proved, no authority to perform the marriage ceremony being necessary where the marriage ceremony is consummated with the belief of one of the parties that the person performing the ceremony had the necessary authority and that the parties have been lawfully married.

The moton to strike, dismiss and for judgment alleges that the complaint does not show compliance with Kentucky laws; that sections 2103, 2103a, 2105, 2107, 2109 and 2112 of the Kentucky statutes require a license, which must be issued by the clerk of the county where the female resides; that section 2102 of Kentucky does not validate a marriage solemnized without a license nor excuse for absence of an authorized officiating person required by sections 2097 and 2103; that section 2102 does not provide for nor validate common-law marriages but merely cures irregularities of form pertaining to particular authority of a person generally authorized, such as errors of name, place or date on a license or marriage certificate; that section 2102 does

not excuse the return and recording of the marriage certificate required by sections 2107 and 2108; that section 2103a imposes a penalty of a fine (maximum $50) upon license clerks for violation of license provisions; that section 2109 imposes a penalty (maximum one year or $100 fine, or both) upon functionary performing ceremony for failure to make return on license; that section 2112 imposes a severe penalty (maximum $1,000 fine) upon clerk for issuing license for prohibited marriage; that section 2110 makes it a penitentiary offense for a person to solemnize a marriage without authority; that the case of *Dumaresly v. Fishly,* 10 Ky. 1198, is no longer the law and has been overruled by the Supreme Court of Kentucky and superseded by revised statutes of Kentucky; that the question of the Kentucky marriage which is the subject matter of the complaint was adjudicated against plaintiff in previous suit of *Quin O'Brien v. Marguerite Eustice,* Cause No. 37S1736, where O'Brien sought to have a pretended marriage on February 3, 1937, at Morrison, Illinois, declared void and that the question of the Kentucky marriage was decided in that case and is *res judicata* as to the subject matter and claim of plaintiff herein that the parties were married in Kentucky as alleged in the complaint; that plaintiff by having defendant indicted for aiding another, while unauthorized, to perform the Kentucky marriage, she waived and abandoned the theory that the marriage was valid; that plaintiff is guilty of laches by not proceeding on the Kentucky marriage in other suit; that plaintiff is guilty of unclean hands in the matter decided in the former suit pertaining to the ''shot gun'' wedding there involved.

Plaintiff's theory as set forth in her brief, is as follows:

'' . . . that the parties hereto were married on May 2, 1936, at Louisville, Kentucky; that in January 1937, defendant informed plaintiff that he entered

into the ceremony in bad faith with a spurious license in order to seduce her and with the intention of keeping the marriage ineffective until he chose to confirm it by a church marriage after her annulment of a former marriage had been approved by a church annulment and after he had reconciled his son Brendan to his marriage with her; that in consummation of said marriage to defendant she became pregnant and bore a child; that when defendant so informed her in January, 1937, of his deception in regard to the Kentucky marriage she believed him, she having previously believed the Kentucky marriage valid, and a record of a later marriage ceremony (which later ceremony never occurred according to the adjudication of both the trial court and this Court in a former suit between the parties) resulted; that the Appellate Court directed the trial court in the former suit to confine that suit to the issues of whether or not the record of. a purported ceremony at Morrison, Illinois, on February 3, 1937, was proper and the trial court and the Appellate Court both found that the particular ceremony never occurred as the record represented and the record thereof was accordingly stricken; the Appellate Court in the former suit for correcting the record of the later ceremony held that the issues in that suit were *agreed in open court to be confined to whether or not the later purported ceremony (at Morrison, Illinois, on February 3, 1937) occurred* but, after so confining the issues to the question of the later ceremony, the Appellate Court, in its opinion, stated, in an *obiter dicta* query, that it did not see how the Kentucky marriage could be valid without a license or why the later .ceremony should have been attempted if the earlier one in Kentucky were valid.   The position of plaintiff is that, since the reviewing court in the former suit held the issue was confined to the Morrison, Illinois, purported ceremony, what the court said thereafter about the other ceremony in Kentucky was *obiter dicta*

and not binding either as an adjudication or a precedent because, obviously, if no ceremony occurred at Morrison, Illinois, on February 3, 1937, Quin O'Brien was entitled to have the record thereof erased regardless of whether there was a previous ceremony in Kentucky, or not, since the record of the Morrison ceremony was wrong and did not pertain to the previous ceremony in Kentucky. That is to say, the existence of a previous ceremony, or any other would be no defense to an action to erase a wrong public record of a particular ceremony which never occurred.

"The position of plaintiff is, furthermore, that it was Quin O'Brien himself who misled her, several months after the Kentucky ceremony (and after she was pregnant in consummation thereof) into thinking the Kentucky ceremony invalid. She found out from her present counsel, after the trial in the former suit was over, that the previous Kentucky marriage ceremony was valid, whether or not there was any record thereof, and whether or not the officiating functionary was a generally authorized person and whether or not there was a license or return made with certificate thereon. This is so because the marriage laws of Kentucky as to license return with certificate thereon and recording impose a penalty upon officers but do not make the marriage invalid so long as there is a ceremony and plaintiff believed the functionary had authority and that she was married thereby.

"Since the Kentucky marriage was not at issue in the former suit, it was not adjudicated therein. Any defense of laches, equitable estoppel by conduct, unclean hands or waiver by having defendant indicted in a criminal action in Kentucky for aiding a person, unauthorized, to perform the Kentucky ceremony, cannot be raised by motion to dismiss."

Defendant's theory is set forth as follows:

" . . . that common law marriages in May of 1936 were void in Kentucky and Illinois; that the Ken-

tucky Statutes require a license to be issued as a condition precedent to a marriage being solemnized by a person with authority, or with pretended authority; that the facts as pleaded in the complaint do not constitute a valid statutory marriage in Kentucky; that the Kentucky Statutes on marriage when construed as a whole provide that a marriage ceremony without a license is void; that even in the absence of words of nullity the Kentucky Statutes on marriage would be construed to provide that a license must issue to constitute a valid marriage; that an alleged marriage is not valid where the only compliance with any of the Kentucky statutes is that one party to a marriage ceremony believed in good faith that the person officiating with pretended authority was authorized to do so. If such a marriage was a valid marriage in Kentucky, which it is not, it would not be recognized in Illinois as both parties were residents of Illinois at the time and such a marriage would be in violation of positive law and in disregard of the statutes of the State of Illinois.

"The complaint fails to state facts which constitute a valid marriage under either the laws of Kentucky or of Illinois, and, therefore, the plaintiff is not entitled to a divorce, and thus, has failed to state a cause of action and the decree of the trial court should be affirmed.

"The defendants' theory is, also, that the defense of *res adjudicata* is of itself a complete defense and bars the present action and can be raised by motion to dismiss the complaint; that in the prior case between the same parties evidence was introduced as to the alleged Kentucky marriage and was abstracted and the parties to this suit both briefed and argued the issue of the Kentucky marriage which was decided adversely to the present plaintiff in the appeal to this court, and that the Kentucky marriage was one of the issues in that case. If the Kentucky marriage was not an issue

in the prior case, it was an issue that might and should have been raised by way of defense to establish the status of the parties, and it was also an issue that should have been raised as a defense for the reason that if the Kentucky marriage had been established in the prior case, the plaintiff there (Defendant herein) would not have been entitled to the relief he sought, and that case would have been dismissed for want of equity; that the present plaintiff is precluded from bringing the present action, as she cannot take the inconsistent position of claiming that there was a valid marriage in Kentucky in May, 1936, when in the prior case she took the position that there was a valid marriage in Illinois, in February, 1937; that the present plaintiff had knowledge of these facts and raised the legality of the Kentucky marriage in the prior case, which issue was decided adversely to her, and she cannot escape the bar of the defense of *res adjudicata* by claiming that in May, 1937, her present counsel informed her that in his opinion the alleged marriage in Kentucky was valid. She filed a motion in the prior case in this court on August 4, 1938 in which she alleged that she was rushed to trial and as a result overlooked the fact that the alleged Kentucky marriage was valid, and thus she pleaded, as a matter of law, that this prior alleged marriage was a defense, admitted her knowledge of the facts and attempted to excuse her failure to include this defense of the valid Kentucky marriage on the grounds of ignorance of the law. This court denied said motion, and thus, ruled against her contention that this excuse was valid; and the plaintiff in the present case cannot now retry this issue which was within the issues of the original suit by way of defense and passed on by this court, by starting the present suit after the prior suit had been determined adversely to her.''

No argument is presented in this case by the contending parties as to whether or not on the death of

one of the parties to a divorce suit subsequent to the entry of the decree dismissing the complaint for want of equity, the losing party may prosecute an appeal.

It is difficult to determine the claims and rights of the parties herein involved, especially those of the plaintiff, owing to the inconsistencies and incongruities set forth when stating her position in this matter. For instance, in the case formerly before this court, entitled, *O'Brien v. Eustice*, 298 Ill. App. 510, we found that the plaintiff in the instant case, who was defendant in that case, with two unknown assistants, had kidnapped O'Brien, bound him hand and foot and taken him to Whiteside county where the plaintiff herein claims a marriage ceremony was performed in an automobile. Such allegations of the plaintiff herein, who was the defendant in the former suit, were found to be wholly untrue. In the former suit, plaintiff herein set up her rights, claiming the benefit of the so-called Kentucky marriage, which alleged marriage is now under consideration in the case before us. Plaintiff herein contends that the said "marriage" took place in the State of Kentucky prior to the alleged automobile ceremony in Whiteside county, Illinois. This court in its opinion in the former case, said:

"We fail to see the logic in defendant's effort to maintain that there had been a previous marriage in Louisville, Kentucky. If a valid marriage had been performed in Louisville, Kentucky, then why did defendant go to the trouble of having a marriage performed at Morrison, Illinois? However, defendant asks no relief as to any rights she may claim by virtue of the so-called Kentucky marriage." She evidently knew at that time, and her position confirmed it, that no valid ceremony of marriage was performed in Kentucky. Thereafter, she was the prosecuting witness before the grand jury in Kentucky and caused Quin O'Brien, defendant appellee, since deceased, and some

one else to be indicted under the statute there, accusing said O'Brien of having procured a man to perform a marriage, but that said man was wholly unauthorized to perform same. Her action in appearing as a prosecuting witness against said O'Brien was evidently done because she sought to punish him for having had an alleged illegal marriage ceremony performed, which marriage she now maintains is legal.

It is contended by plaintiff herein that what this court said in the former suit is *obiter dicta* and has no effect upon the so-called Kentucky marriage. With this we do not agree. In *Schmisseur v. Rebhan,* 294 Ill. App. 172, the court at page 175, said:

"It is the undoubted law of this State that where issues have been determined by a competent tribunal, or were such that they might have been presented and adjudged upon in such proceeding, they become *res adjudicata* and cannot be considered and passed upon in a subsequent action; *Webb v. Gilbert,* 357 Ill. 340; *Phelps v. City of Chicago,* 331 Ill. 80."

In *McNamara v. McNamara,* 303 Ill. 191, the court at page 197, said:

"The litigation was between the same parties as in this controversy, and the question of the status of John Hamilton McNamara was the subject of the litigation. Where a fact is once determined the finding is conclusive as to that fact in a subsequent suit between substantially the same parties." See also *Prescott v. Fisher,* 22 Ill. 390, 393, wherein the vigorous language of Judge Bresse is set forth; *Lee v. Hansberry,* 372 Ill. 369.

Plaintiff is now in this court seeking to have this court allow her alimony on the theory that the marriage in Kentucky was valid. We do not think further time should be devoted by this court in an endeavor to analyze the various inconsistent charges which have developed in this case. We have read the bill and

the motion to strike, and we think the trial court was right in allowing such motion. The decree of the superior court is, therefore, affirmed.

*Decree affirmed.*

BURKE, P. J., and HEBEL, J., concur.