George P. Champion, Plaintiff-Appellant, v. Helen Jeffers Champion, Defendant-Appellee.

Term No. 58–O–3.

Fourth District.

January 31, 1959.

Released for publication February 18, 1959.

A. L. Fowler, and Charles D. Winters, both of Marion, for plaintiff-appellant.

Demetri Hassakis, of Mt. Vernon, for defendant-appellee.

JUDGE SCHEINEMAN delivered the opinion of the court.

The plaintiff, George P. Champion, filed his complaint in two counts, alleging that he is domiciled in Williamson County, Illinois, although physically absent therefrom by reason of his service in the U. S. A. F. Count I prayed for a declaratory judgment that a decree of divorce, entered in Mexico in favor of plaintiff, is valid. Count II, in the alternative, prayed for a divorce on the ground of desertion. Summons was served on defendant in Virginia.

No question of venue was raised by defendant. She filed a motion to dismiss Count I under Section 48 of the Practice Act [Ill. Rev. Stats. ch. 110] on the ground this suit is barred by a prior judgment. The motion asserted that a decree was entered in Virginia in which this defendant was granted Separate Maintenance, and in which the validity of the Mexican decree was an issue, and that decree had been held void.

Defendant also moved to dismiss Count II on the ground that it was not filed in compliance with the Illinois Divorce Act [Ill. Rev. Stats. ch. 40], the suit had not been begun by praecipe for summons in divorce, and no order had been obtained permitting the filing of the complaint before 60 days. The motions were sustained as to both counts, the suit dismissed, and plaintiff perfected this appeal; defendant cross-appealed on a question of attorney's fees.

■ It is not disputed that the parties in this suit had some litigation in Virginia involving the validity of a decree for divorce which plaintiff had obtained in Mexico. The jurisdiction of the Virginia court over the parties and the subject matter is not questioned. Therefore, it is undisputed that the decree of the Virginia court is entitled to full faith and credit in Illinois, to the same extent as if the litigation had oc-

273

curred in this state. However, plaintiff contends the Virginia court held the Mexican decree is void only in Virginia, leaving open the same question in Illinois.

Attached to the complaint and the motion in this Illinois case were the various pleadings and orders entered in the courts of Mexico and Virginia, and their correctness is not questioned; hence, there is no dispute of fact presented to this court. The only question is whether the legal effect of the prior proceedings justified the decree of dismissal from which this appeal is taken.

The Virginia decree contained the following, in which we place in italics the salient portions forming the basis of argument. The Virginia court found:

"(4) That the complainant, Helen J. Champion, defendant in the Mexican divorce suit, did not submit to the jurisdiction of the Mexican court and the *jurisdictional fact and bona fides of the domicile* in *Mexico* claimed by George P. Champion are therefore *in question.*"

"(5) That considering the circumstances of George P. Champion's presence in Mexico and all the facts of evidential value bearing on the question of domicile, the court is of the opinion that George P. Champion *failed to establish the domiciliary residence in such federal district of Mexico necessary to vest jurisdiction* in the Mexican court to decree a severance of the bonds of matrimony existing between the parties or to award custody of the infant child to the said George P. Champion."

"(6) That the court is of the opinion that the decree of the 10th District Court (Federal District) in Mexico City, Mexico, is not entitled, under the rules of international comity, to recognition as a valid decree *in the State of Virginia.*"

█ In this court, the briefs contain discussion of the law of comity, and plaintiff also asserts the doc-

274

trine of "divisible divorce," in addition to his contention that the Virginia decree found the Mexican divorce void only in Virginia. When a prior judgment is pleaded in bar of an action, the rule is as follows:

"The general rule is that, on the principle of res judicata, a judgment rendered by a court having jurisdiction of the parties and subject matter is conclusive and indisputable evidence as to all facts or questions in issue in the action and actually determined therein, when the same fact or question is again put in issue between the same parties or their privies, even though the subsequent proceedings are on a different cause of action." 23 I. L. P. Judgments, Sec. 377; City of Elmhurst v. Kegerris, 392 Ill. 195, 64 N.E.2d 450; Hoffman v. Hoffman, 330 Ill. 413; O'Brien v. O'Brien, 311 Ill. App. 435; 30 Am. Jur., Judgments, Sec. 324, 371, 375, 376.

■ The scope of the prior adjudication is determined from a consideration of the judgment actually entered with respect to the issues presented for decision rather than from any opinion rendered. Adams v. Pearson, 411 Ill. 431, 104 N.E.2d 267. The court looks to the proceedings in the earlier case to ascertain what the issues were and how they were decided. 23 I. L. P. Judgments, Section 382; Katz v. Berkos, 316 Ill. App. 569, 45 N.E.2d 566. Accordingly, we have quoted portions of the Virginia decree and now refer to the pleadings.

The complaint filed in Virginia was designated "Complaint in the Circuit Court of Arlington County, Virginia, for Separate Maintenance." The defendant there (plaintiff here) filed a "Special Plea in Bar of Complaint for Separate Maintenance," in which he says he is not the husband of complainant by reason of the decree in Mexico. Thereafter, there was filed an "Amended Complaint for Separate Maintenance," in which it is alleged among other things that the

Mexican decree is null and void in the State of Virginia and also asserted "that the complainant is still lawfully married to, and the wife of, the defendant and that, as his wife, she is entitled to maintenance and support which she sorely needs." These allegations were denied by answer. The attack on the validity of the Mexican decree was based on this question of domicile.

██ It is clear, therefore, that the Virginia suit was not a mere attempt to adjudicate property rights, as it could have been under the principle of divisible divorce. On the contrary, it was a suit for separate maintenance brought by the wife as such, and not as a divorcee. The doctrine of divisible divorce has no application to this case, for that doctrine is simply a recognition of the fact that a divorce decree may be valid insofar as it grants divorce, yet be invalid or without effect as to property rights. 17-A Am. Jur. Div. and Sep., Sec. 947.

Nor is the principle of "comity" involved in this proceeding, as it might be if the validity of the Mexican decree is again litigated. Here the trial court and this court are concerned with the constitutional obligation of this State to give full faith and credit to a decree of a sister state which is an entirely different matter. Clubb v. Clubb, 402 Ill. 390, 84 N.E.2d 366.

In order for the Virginia court to allow maintenance to the plaintiff *as a wife,* it necessarily had to consider the validity of the Mexican decree for divorce. It did so and, as above noted, Paragraph 4 of the decree expressly stated the issue before the court was the domicile of the party who had obtained a decree in Mexico. And Paragraph 5 of that decree expressly found against the party on that question of fact.

██ It follows that the decretal part which refused to recognize the foreign decree "in the State of Virginia" is not the decisive point in this present suit. The

276

decisive point is that the Virginia court had to consider and decide, and did decide, the question of fact as to the domicile of the plaintiff in the Mexican suit. Under the general principle previously quoted, since that question of fact was in issue, and was decided, the decision on the question of fact is conclusive in subsequent litigation between the same parties.

In the complaint in this Illinois case the plaintiff again alleges in Count I that, at and before the date of the decree in Mexico, he established domicile and residence in Mexico City which gave the court there jurisdiction. This is the same point decided adversely to him in the Virginia decree, and, as the rule states, it is conclusive and indisputable evidence as to that fact.

It is further alleged that the defendant here was guilty of laches and subject to equitable estoppel. Those questions were available to the parties in the Virginia case, but whether the resulting decision was correct or not, it is not subject to review in this proceeding, even if laches or estoppel should have barred her claims. The Virginia decree is a complete bar to litigation again over the question of fact as to plaintiff's domicile in Mexico at the time he obtained a decree there. Hence, Count I of the complaint was properly dismissed upon motion under Section 48–d of the Practice Act.

■ Count II, the count for divorce, was dismissed without prejudice and the order permits the plaintiff to file a proper suit under the Divorce Act. Plaintiff does not contend that he had complied with the provisions of that act, but he asserts that he has a right to join two types of action against the same defendant, and to plead in the alternative, and that strict application of the Divorce Act in this type of case deprives him of those rights, and works a hardship.

277

The Practice Act, Chapter 110, Ill. Rev. Stat., Sec. 1, excludes its application to certain named actions "or other proceedings in which the procedure is regulated by separate statute. In all those proceedings the separate statutes control to the extent to which they regulate procedure," etc.

The Divorce Act is a separate statute which regulates procedure in divorce actions. While it provides for a special type of procedure for general use, it also recognizes that cases may arise in which a different procedure is warranted or required. If plaintiff's reasons for departure from the special procedure are sound, he needed only to file a motion and affidavit setting forth the situation, and the court could have permitted the immediate filing of Count II for divorce. Since this was not done, we entertain no doubt of the right of the trial court to dismiss the divorce count on motion without prejudice.

The defendant filed notice of cross-appeal and contends that the trial court should have allowed attorney's fees to her for defending against Count I as well as Count II. The court allowed to defendant $500 as attorney's fees to be paid by plaintiff, but apparently ruled this applied only to the second count for divorce. We agree with defendant that the court could have allowed fees as to Count I as well as Count II, since the defendant's marital status was involved in both. 17 Am. Jur., Div. and Sep. Sec. 639. However, this suit was disposed of on motion, there was no actual trial, and in our opinion the allowance of $500 was adequate and does not require a reversal. Accordingly, the decree is affirmed in all respects.

Decree affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.