PATRICK J. DALY, Plaintiff, *v.* W. E. O'NEIL CONSTRUCTION COMPANY *et al.,* Defendants—(BETHLEHEM STEEL CORPORATION, Cross-Complainant and Fourth-Party Plaintiff-Appellant, *v.* INSURANCE COMPANY OF NORTH AMERICA, Fourth-Party Defendant-Appellee—THE CITY OF CHICAGO, Cross-Defendant-Appellee.)

(No. 54152; 

First District—June 30, 1971.

*Rehearing denied September 9, 1971.*

Hackbert, Rooks, Pitts, Fullagar & Poust, of Chicago, (Harlan L. Hackbert, of counsel,) for appellant.

Baker & McKenzie, of Chicago, (Francis D. Morrissey, Michael A. Coccia, and Michael P. Connelly, of counsel,) for fourth party defendant-appellee.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Peter Fitzpatrick, Assistant Corporation Counsel, of counsel,). for cross-defendant-appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

As can be seen from the title, this case involves multiple parties and pleadings and will be best understood by a preliminary statement detailing the proceedings which culminated in a judgment against Bethlehem Steel Corporation (Bethlehem) and in favor of the Insurance Company of North America (INA) and the City of Chicago (City).

On August 2, 1962, Patrick J. Daly, an employee of Bethlehem, was injured when he fell from a scaffold while working for the City on the construction of a bridge on the Dan Ryan Expressway known and described as the bridge section on the south side of Archer Avenue in Chicago, Illinois. Daly filed suit pursuant to the provisions of the Structural Work Act, naming as defendants the W. E. O'Neil Construction Company (O'Neil), the general contractor, and the City, owner of the premises. Thereafter the City filed a third party complaint for indemnity in four counts, charging (1) that Bethlehem had agreed to indemnify the

City, (2) that Bethlehem's active negligence caused Daly's injuries, and (3 and 4) that Bethlehem was liable for indemnity by reason of its breach of an implied duty as well as an express contractual duty to perform the work in a reasonably safe manner. On February 13, 1969 the following judgment order was entered by the trial court:

"By agreement of all the parties, the Court finds as follows:

1. On the complaint, the Court finds the issue of liability in favor of the Plaintiff and against the City of Chicago * * *. The Court finds that the Plaintiff has been damaged in the amount of $500,000.

2. * * * on the Third Party complaint of the City of Chicago against Bethlehem Steel Company, the Court finds the issues of liability in favor of the City of Chicago and against Bethlehem Steel Company on Count 1, on Count 2, on Count 3, and on Count 4 of said third-party complaint. The Court finds that the Third-Party Plaintiff has been damaged in the amount of $500,000.

\* \* \*

4. The said agreement of Bethlehem Steel Company to pay, or the payment, shall not prejudice the rights of Bethlehem Steel Company, the City of Chicago, or the Insurance Company of North America."

In accordance with the provisions of the foregoing judgment order, Bethlehem paid the amount thereof and filed a fourth-party complaint against INA and a cross-complaint against the City. As against INA, Bethlehem sought a declaratory judgment finding that INA was liable to Bethlehem on a policy of insurance for $250,000 in which the City was the named insured. The theory on which Bethlehem's claim is based is that it had procured and paid for the insurance allegedly for the purpose of making INA the primary insurer against any liability of the City arising out of Bethlehem's performance of its construction contract. In the alternative, the cross-complaint filed by Bethlehem alleged that if it is held that the City lost the INA coverage by failing to give timely notice of Daly's suit to its insurer, then Bethlehem is entitled to $250,000 damages from the City for negligent failure to give such notice. INA and the City filed separate motions for judgment on the pleadings. Both motions were granted and judgments were entered in favor of INA and the City and against Bethlehem. On this appeal Bethlehem contends that the pleadings establish causes of action against both INA and the City. We proceed to a consideration of the allegations contained in Bethlehem's fourth-party complaint against INA and the cross-complaint against the City.

On December 15, 1961, Bethlehem entered into a contract with the

City, the terms of which required Bethlehem to furnish and erect structural steel for the construction of a bridge at or near Archer Avenue on the Dan Ryan Expressway. Under the provisions of the contract Bethlehem was obligated to procure and maintain two policies of insurance, one for the protection of itself and the other for the protection of the City from claims for damages arising out of the contract. The contract provided as follows:

> "(b) *Public Liability and Property Damage Insurance.*—The Contractor shall take out and maintain during the life of the contract such Comprehensive Public Liability and Property Damage Insurance *as shall protect him* from claims for damages * * *.
>
> * * *
>
> The Contractor shall also take out and maintain during the life of the contract, and in the same amounts as specified * * * Owner's Protective Insurance *for the protection of the City of Chicago.*" (Emphasis added.)

Pursuant to those provisions Bethlehem procured a policy of insurance from INA insuring the "City of Chicago, Chief Engineer, Bureau of Engineering." Bethlehem alleges that "it was the intention of the City and Bethlehem to make, and the provisions of said policy did make, INA the primary insurer of any liability of the City to any person such as the plaintiff Patrick J. Daly * * *." The insurance policy reads in pertinent part as follows:

> "1. Coverage A—Bodily Injury Liability.
>
> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the hazards hereinafter defined."

Bethlehem's complaint alleges that Daly was injured on August 2, 1962, that he commenced a lawsuit for damages on March 14, 1963, that the City of Chicago did not notify INA of the pendency of the action until September 1, 1967, and that the City made demand on Bethlehem for indemnity on September 18, 1967. Because of the more than four year delay in notifying INA of Daly's lawsuit, INA elected to defend the City under a reservation of rights.

In oral argument before this court counsel for Bethlehem chose to limit this appeal to the trial court's order granting the City a judgment on the pleadings. In declining to proceed with the appeal from the judgment in favor of INA, counsel noted that the recently decided case of *City of Chicago v. United States Fire Insurance Co.,* 124 Ill.App.2d 340, 260 N.E.2d 276, held that the City's delay in notifying the United States Fire Insurance Company of Patrick Daly's lawsuit

relieved the insurance company of any liability under its policy with the City. He therefore concluded that INA's reservation of rights filed in the trial court would be upheld on the ground of late notice and that it would be fruitless to proceed further with the lawsuit against INA. INA relied upon the decision of Bethlehem's attorney to confine the appeal to the judgment on the pleadings entered in favor of the City on the cross-complaint and did not argue orally the substantive issues involved in Bethlehem's appeal from the judgment in favor of INA. It should be noted that the City was not joined as a party in Bethlehem's action against INA for a declaratory judgment of liability on the insurance policy. Accordingly as to the City we will consider only the cause of action alleged by Bethlehem against the City on the cross-complaint.

Bethlehem contends that INA is primarily liable for the first $250,000 of the judgment for damages entered against the City by virtue of the policy of insurance issued by INA naming the City as the insured, which had been procured and paid for by Bethlehem. It is also contended by Bethlehem that INA, upon payment of the judgment, would not be subrogated to the City's claim for indemnity against Bethlehem because the latter had purchased the insurance for the City for its (Bethlehem's) own protection against the necessity of indemnifying the City. Bethlehem's cause of action against the City therefore rests on the premise that the City's alleged negligence in failing to notify INA of Daly's lawsuit damaged Bethlehem to the extent of the $250,000 insurance coverage allegedly procured to protect both the City and Bethlehem and which was thereby lost.

It is not disputed that the policy of insurance here involved names only the City as the insured. Whatever the intent of Bethlehem and the City may have been with respect to this insurance, it is well established that unless INA was informed of that intent, INA's obligations are to be determined by an examination of the policy provisions alone. (*Walsh v. State Farm Mut. Auto Insurance Co.*, 91 Ill.App.2d 156, 234 N.E.2d 394; *Finer Amusements, Inc. v. Citizens Insurance Co. of N.J.* (1964), 327 F.2d 773.) That policy does not expressly designate INA as a primary insurer of the City and it contains no language which may be construed as a waiver by the insurer of its right to be subrogated to any claims the insured (the City) may have against a third person. Indeed, a contrary intent is manifested in condition number 13 of the INA policy, which in pertinent part is as follows:

> "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization * * *."

Bethlehem argues however that notwithstanding the failure of the

policy to name it as an insured, the fact that it, as an indemnitor of the City, purchased the policy for its own indemnitee sufficiently established the right of the indemnitor (Bethlehem) to receive the benefits of the policy as fully as if it were a named insured. Three cases, *Aluminum Co. of America v. Hully* (1952), 200 F.2d 257; *Hully v. Aluminum Co. of America* (1956), 143 F.Supp. 508; and *Columbia Casualty Co. v. Eichleay Corp.* (1957), 245 F.2d 1 are relied upon by Bethlehem in support of its contentions. All three cases grew out of injuries sustained by one Earl Barnes, an employee of Hully and Wright, d/b/a Central Asbestos & Supply Co. Barnes was injured through the negligence of Aluminum Company of America (Alcoa). Hully and Eichleay Corporation were contractors working for Alcoa on the construction of a manufacturing plant in Davenport, Iowa. Barnes sued Alcoa for damages and recovered a judgment in the sum of $26,599, which Alcoa paid.

In subsequent proceedings Alcoa successfully contended that Hully and Eichleay were obligated to indemnify under provisions in their respective construction contracts with Alcoa. Pursuant to separate provisions of the contract with Alcoa, Hully had procured and paid for two insurance policies from Columbia Casualty Company insuring *both itself and Alcoa.* Hully contended that Columbia was liable under both policies to pay the Barnes judgment. The court held (1) that Columbia was clearly liable under the terms of the policy procured by Hully naming Alcoa as insured, and (2) that Columbia was estopped from contending that the policy insuring Hully was not applicable because of an indemnity exclusion clause which its agent had wrongfully and *negligently* failed to eliminate from the policy. The court further held that Columbia was not entitled to a right of subrogation for indemnity against either Eichleay or Hully because the party primarily responsible for Barnes's injuries was its own insured. As *dicta* the court noted that any right of subrogation which Columbia might otherwise have had against Hully would be worthless since Columbia was obligated to protect Hully even against Hully's contractual obligation to indemnify Alcoa and it would therefore, in effect, be suing itself. The *Alcoa* cases appear to us to be clearly distinguishable from the instant one on several grounds which we will proceed to consider.

■■■ In the case before us Bethlehem and not the City (INA's only named insured) was adjudged the active tortfeasor. Judgment was entered in favor of the City and against Bethlehem on all four counts of the City's cross-complaint for indemnity. Count 2 of the complaint charged Bethlehem with being the active tortfeasor. The judgment therefore is *res judicata* on the issue of active-passive negligence as to Bethlehem. (*Franciscy v. Jordan,* 43 Ill.App.2d 344, 193 N.E.2d 219; *Champion*

*v. Champion,* 20 Ill.App.2d 271, 156 N.E.2d 16.) INA upon discharging the City's liability to Daly would become subrogated to the City's right to indemnity against Bethlehem on a theory of active-passive negligence. (See *Shell Oil Co. v. Hercules Construction Co.,* 74 Ill.App.2d 166, 219 N.E.2d 392.) In the *Alcoa* cases cited by Bethlehem the court held that the insurance company was not entitled to a right of subrogation for indemnity because the active tortfeasor was its own insured.

■■ In the instant case the facts do not establish that insurance was intended by all parties to carry the burden of any liability against the City for personal injuries arising out of the expressway construction. In the *Alcoa* cases it was *admitted by an agent of the insurer* of both Hully and Alcoa that the two policies were procured by Hully to provide comprehensive liability insurance to cover all risks under Hully's contract with Alcoa. That purpose was made known to the insurance company's agent and the court found that Hully justifiably relied on the agent's assurances that such coverage would be provided for in the two policies subsequently issued. In the case before us there is no obligation that INA was ever informed that it was being retained for any broader coverage than that set forth in the policy naming only the City as the insured. As we have hereinbefore stated, whatever the unexpressed intention of the City and Bethlehem may have been with regard to the insurance coverage, INA cannot be bound beyond the express terms of the policy. Accordingly it is our conclusion that INA was not the primary insurer of any liability incurred by the City, but was a co-obligor along with Bethlehem. As such, INA was entitled to be subrogated to the City's claim for indemnity against Bethlehem as the party primarily responsible for the infliction of Daly's injuries. The City's alleged falure to notify INA of Daly's lawsuit did not result in any damage to Bethlehem.

The judgment is affirmed.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.