GEORGE R. S. HOFFMAN, Defendant in Error, *vs.* LYDIA
HOFFMAN, Plaintiff in Error.

*Opinion filed April 21, 1928—Rehearing denied June 13, 1928.*

1. RES JUDICATA—*what necessary for a former adjudication to bar. subsequent suit.* Where a former adjudication is relied upon as an absolute bar to a subsequent suit, there must be, as between the actions, identity of parties, of subject matter and of cause of action.

2. SAME—*what is an estoppel by verdict.* An estoppel by verdict occurs where some controlling fact or question material to the determination of both causes is decided in a former suit and is again in issue in a subsequent suit between the same parties, in which case the first adjudication of the question will, if properly presented, be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits.

3. SAME—*what necessary to an estoppel by verdict.* To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that was material and controlling in that case or was necessarily involved in the verdict or judgment and also material and controlling in the pending case, and where there is no such specific finding and more than one distinct issue of fact was involved in the former case, so that it is uncertain upon which issue the decision rested, the estoppel will not be applied.

4. DIVORCE—*when a former decision in separate maintenance does not bar evidence in divorce suit for desertion.* Where a husband seeks a divorce on the ground of desertion the wife is not precluded from introducing evidence of cruelty prior to the date of a decree in a suit in which she was defeated in her claim for separate maintenance, as the issues in the two suits are not the same, since a wife may be living separate and apart from her husband under circumstances that do not entitle her to separate maintenance yet she may not have willfully deserted or absented herself from her husband for two years, without reasonable cause, which the complainant in the divorce suit is required to prove.

5. ESTOPPEL—*allegation must be material to operate as estoppel of record.* To operate as an estoppel of record an allegation in a bill in a former suit between the same parties must have been a material allegation.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. E. D. SHURTLEFF, Judge, presiding.

NORTH, LINSCOTT, GIBBONEY & NORTH, (HARRY B. NORTH, and JEROME F. DIXON, of counsel,) for plaintiff in error.

HALL & DUSHER, for defendant in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This cause comes to this court for review upon a writ of *certiorari* to the Appellate Court for the Second District, which court affirmed a decree of the circuit court of Winnebago county granting a divorce to defendant in error, George R. S. Hoffman, (hereinafter called complainant,) from plaintiff in error, Lydia Hoffman (hereinafter called defendant).

Complainant filed a bill for divorce in the circuit court of Winnebago county on June 22, 1926. As finally amended the bill alleges that complainant was intermarried with defendant on November 7, 1921; that they cohabited together as husband and wife until February 20, 1922, when defendant willfully deserted complainant without any reasonable cause therefor; that the desertion continued until the filing of the bill; that on February 20, 1922, defendant filed a bill against complainant for separate maintenance; that complainant filed an answer to the bill as amended, and thereafter, on June 27, 1922, a decree was entered dismissing the bill for want of equity; that on November 14, 1922, defendant instituted another suit for separate maintenance, and by leave of court an amended bill therefor was filed on March 28, 1923, to which amended bill, on the same day,

complainant filed an answer; that on a hearing on April 6, 1923, a decree for separate maintenance was rendered awarding defendant alimony and solicitor's fees; that upon appeal to the Appellate Court for the Second District the decree was affirmed; that on *certiorari* the Supreme Court reversed the judgments of the Appellate and circuit courts without remanding. Copies of all the pleadings and of the decrees rendered by the circuit court and the judgment and opinion of the Supreme Court above mentioned were attached to the bill as exhibits and made a part thereof. Defendant filed an answer to the bill of complaint on October 4, 1926, in which answer she admits the marriage of herself and complainant and that they separated on February 20, 1922; that the court proceedings set forth in the bill were correctly set forth, but "states the fact to be that said record matter is immaterial, irrelevant and is in no way any bar to any of the rights of the defendant to defend herself against the unreasonable and unjust charge of desertion in the complainant's amended bill of complaint." The answer denied the right of complainant to a divorce for desertion, and sets forth as a reason therefor that "the said complainant, within a few days after said marriage as above set forth, commenced a course of unkind, inhuman and cruel conduct toward this defendant; * * * that he became so cruel and harsh and violent toward this defendant that it was impossible for this defendant to sleep with or remain in the same bed in the same room with him, and specifically and in furtherance of his desire and design to drive this defendant from his bed and board he at various times beat, struck and kicked this defendant in his efforts to drive this defendant from his home; * * * that on or about the 20th day of February, 1922, the complainant cruelly assaulted and beat this defendant and threatened her life, whereupon this defendant was obliged to leave in the night time and seek protection and help and shelter from her neighbors." Defendant further avers in her answer that

after the separation she "did, during the month of June, 1922, go to said home of the complainant as the wife of said complainant and advised the said complainant that she was ready, willing and desirous of re-assuming her position in the home of the said complainant and that she was truly sorry for all that had happened, * * * but the said complainant refused to recognize her or to speak to her or to make suitable or proper provision for her support or maintenance," and that he thereafter leased said home to tenants and abandoned the same. She further averred her willingness to return to the complainant and to live with him as a husband and wife should live together. Exceptions were filed to such portions of the answer as charged cruelty on the part of complainant toward defendant and of her offer to return to him prior to April 6, 1923, the date of the rendition of the decree for separate maintenance. On a hearing the exceptions were sustained.

On the trial of the cause, on objection of counsel for complainant, defendant was limited in the examination of witnesses on the charge of cruelty and on the offer by defendant to return to complainant to live with him as his wife so far as the same pertained to a time subsequent to April 6, 1923. In the opening statement to the jury counsel for defendant was limited in his statement to facts occurring subsequent to April 6, 1923. The court also refused to allow defendant to introduce any testimony as to the relations or conduct of the parties toward each other prior to April 6, 1923, and refused to allow her to introduce testimony as to the facts and circumstances occurring on February 20, 1922, the date of the separation, or to allow her counsel to cross-examine complainant with reference to such separation or the facts and circumstances leading thereto, on the ground that the decision of this court in *Hoffman* v. *Hoffman,* 316 Ill. 204, was *res judicata* as to all matters occurring between the parties prior to April 6, 1923. The trial resulted in the decree for divorce which is now here under review.

Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter and of cause of action. When the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by verdict. (*Public Utilities Com.* v. *Smith,* 298 Ill. 151.) The rule in respect to the conclusiveness of the verdict and former trial between the same parties, when the judgment is used in pleading as a technical estoppel or is relied on by way of evidence as conclusive *per se,* is, that it must appear by the record of the prior suit that the particular controversy sought to be construed was necessarily tried and determined, —that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter it will be considered as having settled that matter as to all further actions between the parties; and further, in cases where the record does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact. But even where it appears from the intrinsic evidence that the matter was properly within the issue controverted in the present suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination it will not be concluded. (*Sawyer* v. *Nelson,* 160 Ill. 629; *Rhoades* v. *City of Metropolis,* 144 id.

330—27

580; *Geary* v. *Bangs,* 138 id. 77.)  To operate as an estop-
pel by verdict it is absolutely necessary that there shall have
been a finding of a specific fact in the former judgment or
record that is material and controlling in that case and also
material and controlling in the pending case.  It must also
conclusively appear that the matter of fact was so in issue
that it was necessarily determined by the court rendering
the judgment interposed as a bar by reason of such estoppel.
If there is any uncertainty on the point that more than one
distinct issue of fact is presented to the court the estoppel
will not be applied, for the reason that the court may have
decided upon one of the other issues of fact.  *People* v.
*Wyanett Light Co.* 306 Ill. 377; *Markley* v. *People,* 171 id.
260; *Theological Seminary* v. *People,* 189 id. 439.

The issues in a suit for separate maintenance and a suit
for divorce are not the same, neither is the forum the same.
In divorce proceedings the venue is in the county where the
complainant resides, while in suits for separate maintenance
it is in the county where the husband resides or where he
has abandoned his wife.  To entitle a wife to a decree
for separate maintenance she must prove that she is living
separate and apart from her husband without her fault.
(Smith's Stat. 1927, chap. 68, par. 22.)  To warrant a de-
cree for divorce on the ground of desertion complainant
must show that defendant has "willfully deserted or ab-
sented himself or herself from the husband or wife, with-
out any reasonable cause, for the space of two years."
(Smith's Stat. 1927, chap. 40, sec. 1.)  The decree of the
circuit court in the first separate maintenance case contained
no findings of fact, and there is nothing in the record to
show upon what ground that decree was entered.  While
the bill alleged cruelty on the part of Hoffman, yet the court
in entering the decree dismissing defendant's bill for want
of equity, so far as the record is concerned, may not have
passed upon this question at all.  There are many other
grounds upon which the court might have dismissed the bill

for want of equity. The suit might not have been brought in the county in which the husband resided or in which he abandoned her. The evidence might have shown that he was guilty of extreme and repeated cruelty, as charged in the complaint, and that she was also guilty of misconduct which would bar her from obtaining the relief which she sought. The evidence may have shown that the parties were living separate and apart by reason of a mutual agreement. Many other instances might be cited where a wife might not be entitled to a decree for separate maintenance even though the husband was guilty of misconduct.

In *Watts* v. *Watts*, 160 Mass. 464, 36 N. E. 479, a wife, soon after being ejected from her home by her husband for adultery, sued him for separate maintenance. He defended under the general issue but did not introduce evidence of her adultery. A decree was rendered for the wife, reciting that for "justifiable cause" she was living apart from him. In that case the court held that in a subsequent suit by him for divorce the decree in the separate maintenance suit was not conclusive that she had not committed adultery, since that issue was not necessarily involved in the former suit.

In *Umlauf* v. *Umlauf*, 117 Ill. 580, it is said: "The statute authorizing actions for separate maintenance was adopted for the exclusive benefit of those whose conduct has not materially contributed to a disruption of the marital relations. If the wife, therefore, in bringing a suit of this kind is not prepared to show that she is without fault, she will fail to bring herself within the statute and must necessarily be defeated in her action. But such a defeat does not at all affect her common law rights. The only question it conclusively settles is, that her living apart from her husband was not without her fault."

In *Wahle* v. *Wahle*, 71 Ill. 510, it is said: "Is, then, the record of a judgment finding the issues against a complainant who seeks a divorce on the ground of abandonment conclusive evidence in favor of the defendant's right to re-

cover maintenance? Does such a record conclusively prove that she is living apart from her husband without her fault? It cannot be pretended that the object of the bills and the relief sought is in each case the same. Nor will the same evidence necessarily determine both cases. To sustain the bill for divorce the proof must show that the abandonment was without the fault of the complainant, that it was willful, and that it was continuous for the period of two years. If, therefore, the abandonment was for less than two years, if it was by mutual consent, or if it was induced by the acts of the complainant, whatever may have been the fault of the defendant, the verdict would necessarily have to be for the defendant. To sustain the bill for maintenance the proof must show that the complainant lives separate and apart from her husband without her fault. If, therefore, she voluntarily abandoned him, if she was compelled to abandon him on account of her adultery or her wicked conduct, the verdict would necessarily have to be against her. Proof of fault in one is not evidence of correct deportment in the other. Nor does it follow because one is unable to maintain an action the other must necessarily be entitled to recover."

Complainant cites *Hoffman* v. *Hoffman, supra,* as being conclusive that the Appellate Court and circuit court were right in holding that the decrees in the separate maintenance cases were *res judicata* in this case as to all questions bearing upon the cause of the separation of the parties on February 20, 1922, and their relations from that time until April 6, 1923. In construing the language of this court, as in construing any other language, it is necessary to examine the context to find the connection in which the language is used and to ascertain what was intended by such language. The court was there discussing the effect of one decree in a separate maintenance suit upon a subsequent suit for separate maintenance between the same parties. It was not there intended to overrule the previous decisions of this

court and lay down a new rule, and it was not intended by the language used to hold that the decree in the separate maintenance suit was *res judicata* in a divorce suit upon the question as to whether or not Mrs. Hoffman, prior to the rendition of the decree in the separate maintenance suit, had been living separate and apart from him by reason of his fault. A woman may be living separate and apart from her husband, not without fault on her part, without having willfully deserted or absented herself from him. Under such circumstances she would not be entitled to a decree for separate maintenance and he would not be entitled to a decree for divorce. Complainant in this case introduced no evidence tending to show the circumstances of the separation but rested his case upon the records of former adjudications and proof that since the termination of the litigation defendant had not returned to live with him. This evidence was not sufficient to meet the requirement that it was incumbent upon complainant to prove, by a preponderance of the evidence, that defendant had willfully deserted or absented herself from him without any reasonable cause, for the space of two years.

It is contended by complainant that the allegation in the second bill for separate maintenance that complainant "thereafter being desirous of correcting on her part any errors, mistakes or conduct on her part against said defendant and realizing that she was not justified in leaving the defendant and living separate and apart from him," is an admission of record that the original separation was without the fault of the husband and operates as an estoppel of record in this case. This contention cannot be maintained. The allegation was not a material and necessary one. To operate as an estoppel of record an allegation must be material. (*Schaefer* v. *Wunderle*, 154 Ill. 577; *Oakes* v. *Buckman*, 88 Atl. 738; 22 Corpus Juris, 339.) That complainant did not consider this allegation a material one is evidenced by the fact that while his answer to the bill professed

to answer "such parts thereof as this defendant is advised it is or are material and necessary for him to make answer unto," it made no reference whatever to the allegation in question.

The adjudications in the separate maintenance cases were not *res judicata* in the divorce case upon the question whether or not defendant willfully deserted and absented herself from complainant, and the trial court erred in so holding and in restricting defendant in the introduction of evidence bearing upon that question.

The judgment of the Appellate Court and the decree of the circuit court are therefore reversed and the cause remanded to the circuit court of Winnebago county.

*Reversed and remanded.*