Frank Kedzierski, Plaintiff-Appellant, v. Elvina
Kedzierski, Defendant-Appellee.

Gen. No. M–51,622.

First District, Third Division.

August 24, 1967.

Philip Conley, of Chicago, for appellant.

Philip L. Howard and Melvin A. Weinstein, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal by the plaintiff, Frank Kedzierski, from an order dismissing his forcible detainer action wherein he sought to gain possession of a certain apartment from his sister-in-law, the defendant, Elvina Kedzierski. The sole question presented for determination is whether or not the plaintiff's cause of action was effectively barred by the doctrine of res judicata.

The plaintiff's brother (and the husband of the defendant), Andrew Kedzierski, was designated as the beneficiary of a land trust created in September of 1955 and having as its res the real property located at 4948 West Drummond Place, Chicago. According to the terms of this instrument the entire beneficial interest belonged to Andrew but, if the property was not disposed of prior to his death, it was to pass to his brother Frank and Frank's wife as joint tenants. The following year, 1956, Andrew and the defendant were married.

In January 1964 Andrew assigned his interest in the trust to Frank. The defendant did not join in the assignment and testified that she was not aware of the transaction. Andrew and the defendant separated in January of 1965, but the defendant continued to reside in the first-floor apartment of the building at the Drummond Place address. Separate maintenance and divorce actions were instituted by the defendant and Andrew re-

spectively and, as far as the record indicates, are still pending.

It appears that there were two prior actions of forcible detainer brought against the defendant by the plaintiff before he had legal title of the property in question. One was instituted in March of 1966, and the other in April of the same year. On May 16, 1966, shortly after the second action was disposed of, the trustee transferred the legal title to the plaintiff and on May 19, 1966, the plaintiff served a demand for immediate possession of the apartment upon the defendant. This suit for forcible detainer followed.

At the trial the plaintiff introduced into evidence the original trust agreement, the assignment to him of the beneficial interest in the trust, the transfer of the legal title from the trustee, and a copy of the demand for possession. After these items were received in evidence the plaintiff rested his case.

The defendant testified that she was married to Andrew Kedzierski on September 8, 1956, that she was his wife at the time he assigned his interest to the plaintiff, and that they had separated in January of 1965.

It appears from the record that the attorneys representing the defendant brought with them to the trial the file of one of the prior proceedings. They explained to the trial court that the file proved that there had been a former adjudication of the same case and argued that the present action was therefore barred. In their efforts to persuade the trial court to dismiss the complaint the attorneys made such statements as, "Same facts, same people; same facts and the same situation . . . What they are trying to do is the theory of keep on filing lawsuits; what they call multifarious filing of lawsuits. . . ." "They are trying to dispossess a wife out of a home and both cases have been adjudicated in her favor. . . ." "These were the same evidence [sic] that was gone into originally. . . ." "They had a hear-

266

ing . . . and were told she was an equitable owner of the property and the owner should not be dispossessed." ". . . [T]his is a repeating proceeding before the same court. . . ." However, neither the file of the previous case nor the judgment entered therein was ever marked as an exhibit or introduced into evidence. In fact, there is nothing in the record before us to indicate that the trial judge read the contents of the file.

■■ A cause of action once finally adjudicated by a court having jurisdiction of both the subject matter and the parties cannot be relitigated before the same or a different tribunal by the parties or their privies except insofar as they may attack the judgment by a direct appeal. Charles E. Harding Co. v. Harding, 352 Ill 417, 186 NE 152 (1933); Hanna v. Read, 102 Ill 596, 40 Am Rep 608 (1882). Under the doctrine of res judicata, sometimes labeled estoppel by judgment, all matters which were or might have been determined in the prior suit are barred in the later one. Smith v. Bishop, 26 Ill 2d 434, 187 NE2d 217 (1962); Schoenbrod v. Rosenthal, 36 Ill App2d 112, 183 NE2d 188 (1962).

■■ The corollary principle of collateral estoppel, or estoppel by verdict, is applicable when the subsequent cause of action differs from the prior one, but is between the same parties or their privies. Under this doctrine the former adjudication operates as a bar only to those points and issues actually litigated and determined and not as to those points and issues which might have been heard or decided. City of Elmhurst v. Kegerreis, 392 Ill 195, 64 NE2d 450 (1946); Chicago Title & Trust Co. v. National Storage Co., 260 Ill 495, 103 NE 227 (1913).

■ The burden of establishing the defense under either of the aforementioned principles is upon the party invoking it. Chicago Historical Society v. Paschen, 9 Ill 2d 378, 137 NE2d 832 (1956); Gillies v. Little Vermilion Drain. Dist., 401 Ill 344, 81 NE2d 916 (1948); Setliff

v. Reinbold, 73 Ill App2d 208, 218 NE2d 814 (1966). The party raising the defense must show with clarity and certainty the parties, the precise issues and the judgment of the former action. Board of Directors of Chicago Theological Seminary v. People ex rel. Raymond, 189 Ill 439, 59 NE 977 (1901); White v. White, 28 Ill App2d 19, 169 NE2d 839 (1960); Ramsay v. Ramsay, 10 Ill App2d 459, 135 NE2d 172 (1956).

 The defendant in the instant case failed to meet this burden. She did not introduce into evidence the record of either one of the former judgments and it was incumbent upon her to do so. People ex rel. Mc-Donough v. Jarecki, 352 Ill 207, 185 NE 570 (1933); Inlet Swamp Drain. Dist. v. Anderson, 257 Ill 214, 100 NE 909 (1913); Citizens Savings & Loan Ass'n, Belleville v. Knight, 74 Ill App2d 234, 219 NE2d 355 (1966). The statements of her counsel, although they may have been accurate and sincere, cannot substitute for the essential proof of the existence, nature and scope of the former judgments.

The plaintiff complied with the notice requirements and produced evidence showing that he was rightfully entitled to possession of the premises. The burden then shifted to the defendant. She presented no evidence that either of the two prior forcible entry and detainer cases was the same as the one at bar and did not present evidence of the former judgments. Nor did she present evidence of any other defense which may have been available to her. The plaintiff's prima facie case was not overcome and the judgment of the Circuit Court of Cook County must be reversed.

Reversed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.