ORTRUD McCORKLE, Plaintiff-Appellee, *v.* CHARLES D. McCORKLE, JR., Defendant-Appellant.

(No. 55805;

First District—August 3, 1972.

Dolores B. Horan, of Chicago, for appellant.

Jerome Berkson, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The issue presented on this appeal is whether an order denying plaintiff's petition for certain extraordinary medical and hospital expenses constituted a bar to her subsequent petition for substantially the same expenses. Some months after a decree of divorce was entered in favor of plaintiff, she filed a petition pursuant to the decree requesting payment of extraordinary medical and hospital expenses. After a full hearing, the court denied the petition, and no appeal was taken from that order. Approximately sixty days later, plaintiff engaged new counsel and filed a second petition requesting payment of the expenses. Another judge granted plaintiff's second petition and subsequently entered judgment for plaintiff for $6,303.55. This appeal follows.

Paragraph E of the decree in question required defendant to pay all extraordinary medical and hospital expenses of the plaintiff and the

parties' two minor children. The decree also provided that, before incurring such expenses, plaintiff was required to consult defendant, except in grave emergencies where her life or those of the children would be endangered by delay. On May 6, 1970, plaintiff, represented by counsel, filed a petition for extraordinary expenses allegedly due from defendant. The expenses referred primarily to a laminectomy surgery performed on plaintiff at the Skokie Valley Community Hospital and totalled $4,720.35. Defendant filed an answer to the petition alleging that plaintiff had not consulted with defendant prior to incurring the expenses and thus, according to the decree, was not entitled to payment from defendant. On June 11, 1970, a hearing was conducted before Judge Landesman on the petition. After hearing testimony from both parties, the judge entered an order denying plaintiff's petition on the grounds that she had failed to give the notice required by the decree to defendant prior to incurring the claimed expenses, and that no emergency existed excusing plaintiff from giving notice.

Some sixty days after the entry of Judge Landesman's order, plaintiff, represented by present counsel, filed another petition claiming medical and hospital expenses arising from the same laminectomy surgery. In the second petition, plaintiff claimed a total expense of $6,303.55, an increase of $1,583.20 over the amount set forth in the first petition. The increase represented an additional amount paid for nursing care and for physical therapy.

Defendant filed a motion to dismiss plaintiff's second petition on the grounds that the order of June 11, 1970, was *res judicata* of the second petition. On September 23, 1970, a hearing was held on the second petition before Judge Sidney Jones. At that hearing, plaintiff's counsel stated that a similar petition had been filed and denied by another judge on June 11. When so advised, the trial judge stated that he could not vacate the other judge's order. However, on the same day, Judge Jones, without hearing any testimony, entered an order that the laminectomy was an emergency and consequently plaintiff did not have to consult defendant before incurring the expenses. Subsequently, defendant filed an amended motion to dismiss the petition and also filed a verified answer. On November 25, 1970, Judge Jones entered an order denying defendant's motions to dismiss plaintiff's petition and to vacate the order of September 23, 1970. The judge also entered judgment in favor of plaintiff for $6,303.55.

● 1-3 The doctrine of *res judicata* is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same cause of action.

(*People v. Kidd,* 398 Ill. 405, 75 N.E.2d 851.) The purpose of the doctrine, based upon the requirements of justice and public policy, is to end litigation except where the issue arises on appeal to set aside or reverse former litigation. (*Hicks v. Hicks,* 20 Ill.App.2d 139, 155 N.E.2d 355.) In the *Kidd* case, *supra,* at p. 408-409, the court stated that, "when a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it."

● 4, 5  Under the foregoing criteria, it seems apparent to us that the doctrine of *res judicata* applies in the instant case. Pursuant to the decree of divorce, plaintiff in her original petition sought payment from defendant for extraordinary medical and hospital expenses. In his answer, defendant stated that plaintiff had not consulted with him prior to incurring the expenses as required by the decree, and that as a result she was not entitled to reimbursement. After hearing testimony from both parties, the trial judge denied the petition, specifically finding that plaintiff had not consulted with defendant and that no emergency existed which would excuse the failure to consult defendant. Not only were the parties the same, but plaintiff concedes that the first order entered June 11, 1970, was final and appealable and rendered by a court of competent jurisdiction. The cause of action was the request for extraordinary medical and hospital expenses under the terms of the decree, and was the same in both petitions. The subject matter of both actions also was the same. Both petitions sought payment for expenses arising out of a specific laminectomy surgery performed on plaintiff. The mere addition of further nursing and therapy expenses in the later petition does not alter the fact that both petitions were concerned with the same subject matter. Indeed, at the second hearing, plaintiff's counsel conceded that the second petition was similar to the first. Moreover, the denial of plaintiff's first petition was made on the merits of the claim. We therefore hold that the denial of the first petition on the same facts and cause of action constituted a bar to the subsequent action for the same relief. In so holding, we recognize the principle that the party who asserts the doctrine of *res judicata* has the burden of proving it. (*Kedzierski v. Kedzierski,* 86 Ill.App.2d 264, 229 N.E.2d 919.) Defendant here conclusively established that the questions involved were determined in the prior action. We reject as without merit plaintiff's argument that, because it is continuing in nature, her claim for extraordinary medical expenses could not be subject to *res judicata.* Plaintiff sought reimbursement for extraordinary

medical expenses arising out of a specific surgery under the terms of a decree requiring notice to defendant. When that claim was denied, plaintiff could seek relief only by appeal, not by presenting the same petition to another judge.

● 6  We also reject plaintiff's contention that defendant waived his defense of *res judicata* by filing an answer after his motion to dismiss was denied. Section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 48), is contrary to plaintiff's position and provides in part as follows:

"(1)  Defendant may  *  *  *  file a motion for dismissal  *  *  *;

*  *  *

(d)  That the cause of action is barred by a prior judgment;

*  *  *

(4)  *  *  *  raising any of the foregoing matters by motion  *  *  * does not preclude raising them by answer  *  *  *;

(5)  Pleading over after denial by the court of a motion under this section is not a waiver of any error in the decision denying the motion."

See also *Albers v. Bramberg*, 308 Ill.App. 463, 32 N.E.2d 362.

For the foregoing reasons, the judgment of the circuit court is reversed.

Judgment reversed.

McGLOON, P. J., and DEMPSEY, J., concur.