LINDA HINKLE, a Minor, by Her Father and Next Friend, DALE HINKLE, et al., Plaintiffs-Appellees, v. TRI-STATE TRANSIT, INC., Defendant and Cross-Defendant-Appellee, et al.—(JOHN FINFROCK, Adm'r of the Estate of Steven M. Cooper, Deceased, Defendant-Cross-Plaintiff-Appellant.)

(No. 11932;

Fourth District—July 31, 1974.

TRAPP, J., dissenting.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Hurshal C. Tummelson and Joseph W. Phebus, of counsel), for appellant.

Charles L. Palmer, of Champaign (Franklin, Flynn & Palmer, of counsel), for Tri-State Transit, Inc.

Philip C. Zimmerly and James M. Langan, both of Champaign, for Linda Hinkle.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Linda Hinkle and Patrick Cummins, plaintiffs, brought suit against John Finfrock, administrator of the estate of Steven M. Cooper, deceased, and Tri-State Transit, Inc., for personal injuries sustained in an auto and truck collision. Finfrock brought a crossclaim against Tri-State Transit for the wrongful death of Steven M. Cooper arising out of the same transaction. Jury verdicts were rendered in favor of plaintiffs against Finfrock and in favor of Tri-State Transit against plaintiffs. Also the jury found for Tri-State on Finfrock's crossclaim. Finfrock appeals both judgments.

While on appeal, plaintiffs entered into a settlement with Finfrock and the judgment of the trial court against Finfrock stands unimpaired. We were notified of the settlement, and upon receipt of the notice, entered an order to show cause why the appeal between Finfrock and plaintiffs Hinkle and Cummins should not be dismissed because of that settlement. The parties complied by filing supplemental briefs which dealt with that issue and the status of the remaining litigants. In light of the aforementioned settlement, the issue herein is whether Finfrock's appeal from the judgment in favor of Tri-State Transit against the estate of Steven M. Cooper is barred by the doctrine of collateral estoppel.

This litigation arises out of a collision that occurred between a vehicle driven by Steven M. Cooper and a truck owned and operated by Tri-State Transit, Inc. Steven M. Cooper and another individual were fatally injured as a result of the collision. The plaintiffs, passengers in the Cooper car, sustained serious injuries, and the driver of the Tri-State Transit vehicle was uninjured. Plaintiffs sued the Cooper estate and Tri-State Transit to recover for their injuries, and the Cooper estate cross-claimed against Tri-State Transit for wrongful death of Steven M. Cooper. Both actions were tried in the same proceedings. As stated above, in the cause of the plaintiffs against the Cooper estate and Tri-State Transit, the jury returned verdicts for plaintiffs against Cooper and for Tri-State Transit against plaintiffs, thus absolving the latter of any liability in that action. In the cause of Cooper against Tri-State Transit, the jury found for Tri-State Transit, and in so doing it answered a special interrogatory finding that the decedent, Steven M. Cooper, did not exercise ordinary care for his own safety at the time of the collision.

⊗ 1 The doctrine of collateral estoppel precludes parties and/or their privies from relitigating facts in a subsequent action which were specifically litigated and determined in a prior action. This doctrine applies although the cause of action may be different. In *Lange v. Coca-Cola Bottling Co.*, 44 Ill.2d 73, 254 N.E.2d 467, the supreme court discussed the doctrine of collateral estoppel or the doctrine of estoppel by verdict. It noted:

> "The governing principle was stated in *Hoffman v. Hoffman*, 330 Ill. 413, 418: 'To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact. [Citations.]'" 44 Ill.2d 73, 75.

In applying the doctrine, the balancing of two important policies result, to wit: a litigant shall not be deprived of an adequate day in court; however it is desirous to prevent repetitious litigation of what is essentially the same dispute. This dilemma was squarely addressed in *Chas. Ind Co. v. Cecil B. Wood, Inc.*, 56 Ill.App.2d 30, 205 N.E.2d 786. The court there was confronted with a situation where the plaintiffs, motorist and passenger, in a prior action endeavored to impose liability

for their injuries upon the subcontractor as well as the general contractor —who were engaged in making improvements to a street located in Rockford. In the same action, the general contractor, as one of its defenses, attempted to establish the negligence of the subcontractor. The jury returned a verdict for the plaintiffs against the general contractor. In a subsequent proceeding for indemnification against the subcontractor, the court found that the general contractor was foreclosed from now asserting that subcontractor was guilty of negligence. The court stated that:

> "The threshold question raised by defendant is the applicability of the doctrine of estoppel by verdict. If a former judgment is raised as a complete bar against a second action, both as to those matters actually adjudicated in the first action and as to those matters which could have been raised therein, there must be, as between the actions, identity of parties, of subject matter and of cause of action. This is referred to as the doctrine of res judicata and is sometimes called estoppel by judgment. Where, as here, the parties are the same and the same subject matter is the basis for the action, but the claim or cause of action is different, the prior decision operates as an estoppel only as to those matters in issue or points controverted and is only conclusive as to those questions actually raised and determined therein. Smith v. Bishop, 26 Ill.2d 434, 436, 437, 187 N.E.2d 217 (1962); Hoffman v. Hoffman, 330 Ill. 413, 417, 161 N.E. 723 (1928). This is often called estoppel by verdict, the question here presented; it is but another branch of the doctrine of res judicata." (56 Ill.App.2d 30, 36.)

■■ The court found that the doctrine of collateral estoppel applies where an issue of fact between the codefendants was actually or necessarily litigated and determined in a prior action, or where some issue was determined in the original action which is an essential element of the cause of action arising between the codefendants.

■■ The two actions were brought simultaneously and three judgments resulted. But, the two judgments originally appealed contained identical factual issues—was the decedent exercising due care for his own safety and that of his passengers. The parties to both actions were the same and all were in an adversary relationship. Lastly, there are now two final judgments on the merits: one against the Cooper estate in favor of plaintiffs, and a judgment absolving Tri-State of any liability as to plaintiffs. The former has been settled on appeal and the latter was never appealed. They are final. The import of these judgments is that the decedent was the proximate cause of the plaintiffs' injuries, and that Tri-State Transit was not; therefore *a fortiori* the decedent's negligence

was the proximate cause of his own death and the injury of the plaintiffs. This conclusion is supported by special finding of the jury in the action now on appeal, that defendant was not exercising due care for his own safety. The fact that the verdicts in question arose out of one transaction and were brought forth in the same lawsuit underscores the fact that the same issue of negligence and contributory negligence has been adjudicated. We find that as to the Cooper estate's claim, the dispute in question has been resolved by virtue of the settlement aforementioned.

Accordingly, in view of the settlement between the plaintiffs and the Cooper estate, that appeal should be, and the same is, dismissed. The judgment against Cooper and in favor of Tri-State Transit, Inc., is affirmed.

Affirmed.

SIMKINS, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

The judgments which are said to determine that Cooper was not exercising due care for his own safety were returned upon the admission of testimony which is seriously challenged upon review. If this court ultimately concluded that such evidence was inadmissible it would be necessary to reverse for prejudice and remand for a new trial.

Within the analogy of the Civil Practice Act, section 48 (Ill. Rev. Stat. 1973, ch. 110, par. 48(d)), no party has moved to dismiss the appeal in this court. Rather, the court *sua sponte* issued its rule to show cause why the remaining appeal should not be dismissed. I do not find any cases supporting the proposition that a court will act *sua sponte* to dismiss a pending appeal under the doctrine of *res judicata* or collateral estoppel.

Cases collected in 9 A.L.R.2d 984, at page 990, have held that a failure to raise the prior judgment may constitute a waiver. Comparably speaking, in the trial court the burden is upon the party who relies to raise the issue of *res judicata* or collateral estoppel. *Fraley v. Boyd*, 83 Ill.App. 2d 98, 226 N.E.2d 81; *Kedzierski v. Kedzierski*, 86 Ill.App.2d 264, 229 N.E.2d 919.

The rule of *res judicata* and its supplemental collateral estoppel is framed in terms that an issue which has been determined by judgment cannot again be litigated in a future action (*Thomas v. Consolidated School District No. 429*, 7 Ill.App.3d 45, 286 N.E.2d 536; *Gillies v. Little Vermilion Special Drainage District*, 401 Ill. 344, 81 N.E.2d 916) or that such judgment is a bar to a subsequent action. *McCorkle v. McCorkle*, 6

Ill.App.3d 1053, 287 N.E.2d 134, and *Gudgel v. St. Louis Fire and Marine Insurance Company*, 1 Ill.App.3d 765, 274 N.E.2d 597.

As the principal opinion notes, these causes of action were brought up on review contemporaneously and were submitted in this court as one appeal. Within the purpose of such rule, the cross-claimant has not, in fact, sought to relitigate in a future and subsequent action those issues which have been disposed of on the merits.