SIDNEY S. ALTMAN, Plaintiff-Appellant, *v.* IRENE J. ALTMAN, Defendant-Appellee.

(No. 59387;

First District (4th Division)—September 11, 1974.

*Rehearing denied October 9, 1974.*

Sidney S. Altman, *pro se.*

No appearance for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff filed an action in the municipal department of the circuit court of Cook County on April 11, 1973, alleging that defendant wrongfully converted to her own use bank deposits belonging to both parties and insurance rebates intended for plaintiff. The complaint also stated that a divorce suit between the parties was pending. A motion was filed by defendant to strike the complaint. After a hearing before the Honorable Richard L. Samuels on June 8, 1973, plaintiff's complaint was dismissed without prejudice on the ground that the issues therein were or could have been litigated in prior divorce proceedings.

Plaintiff appeals on the theory that there was not, nor could there have been, a prior adjudication of his present claim. He presents the following issues for review:

1. A tort action seeking money judgment is not within the jurisdiction of the divorce court;

2. Collateral estoppel does not apply to claims in new suits under a new theory even though facts previously pleaded are the same;

3. The burden of proving *res judicata* is on the party urging a prior adjudication; and

4. A voluntary nonsuit permits plaintiff to file anew.

On April 15, 1971, defendant herein, Irene J. Altman, filed a divorce complaint, No. 71D858, against plaintiff herein, Sidney S. Altman. He subsequently filed a counterclaim for separate maintenance which asserted, in Count II, that he had an interest in certain funds that had been withdrawn by counter-defendant and deposited in a trust account for her son, Marc H. Diament. The counterclaim alleged that one bank account had been opened by Irene J. Altman in her own name with funds derived from wedding gifts intended for both parties, and that the other bank account in which he claimed an interest was opened in the joint names of both parties and included funds derived from professional services rendered by him in connection with the sale of a building owned by counter-defendant. The counterclaim further alleged that counter-defendant received insurance checks intended to reimburse counter-plaintiff for overpayments. The following relief was prayed for: (a) an accounting by counter-defendant, and an order that she pay counter-plaintiff such funds as may be found due him, and (b) a constructive trust impressed upon trust accounts in the name of Marc H. Diament.

Counter-defendant, Irene J. Altman, filed an answer to the counterclaim in the divorce action. In her answer to Count II, counter-defendant averred that she had no knowledge as to whether wedding gifts were deposited in the account opened in her name and, if so, any amounts so deposited were nominal and long-ago spent for the mutual benefit of both parties. The answer denied that counter-plaintiff asked for financial consideration for professional services rendered in connection with the sale of her property. Further, counter-defendant denied any obligation to reimburse counter-plaintiff from insurance payments she received.

A jury was demanded by counter-plaintiff in the divorce action. On May 22, 1972, the jury returned a verdict against plaintiff on the complaint and against defendant on his counterclaim. On October 17, 1972, Count II of the counterclaim was voluntarily nonsuited by court order and judgment was entered on the verdict. The defendant filed a notice

of appeal and, on January 13, 1973, the appellate court granted appellee's motion to dismiss.

On June 23, 1972, Sidney S. Altman filed a new action for divorce in No. 72D12414. By court order and over plaintiff's objections, this action was consolidated with the prior suit. On December 18, 1972, plaintiff indicated to the court that he did not wish to prosecute his complaint. On April 11, 1973, the court ordered the cause dismissed.

The instant action was filed by Sidney S. Altman in the municipal department on April 11, 1973. At issue were the same funds that were the basis for Count II of plaintiff's counterclaim in the initial divorce action. The instant complaint stated that the parties were presently living apart and a divorce suit was pending. It alleged that, one week before defendant filed her divorce complaint in No. 71D858, she withdrew all funds on deposit in two bank accounts belonging to the parties, without the knowledge or consent of the plaintiff, and wrongfully converted his one-half ownership of $5,106.43 to her own use. The complaint further alleged that defendant, Irene J. Altman, converted the balance of $480 insurance reimbursement payments due the plaintiff to her own use.

Irene J. Altman filed a motion to strike the complaint, alleging a failure to establish an ownership interest in the bank accounts or insurance reimbursement. At the hearing on defendant's motion to strike, the court dismissed the complaint without prejudice on the ground that the issues therein "were or could have been litigated in divorce division proceedings 71D858 and 72D12414." The court further found, "This is a final order. There is no just reason for delaying the enforcement or appeal hereof."

■■ The appellee failed to file a brief in accordance with Supreme Court Rule 341 (Ill. Rev. Stat. 1971, ch. 110A, § 341). Therefore, this court may in its sound discretion determine the case on its merits or reverse because of the failure of the appellee to comply with the Supreme Court Rule. (*Shinn v. County Board of School Trustees* (1970), 130 Ill.App.2d 908, 266 N.E.2d 123; *People v. Spinelli* (1967), 83 Ill.App. 2d 391, 227 N.E.2d 779.) We have decided to determine the case on its merits.

We turn to a consideration of plaintiff's contention that there was not, nor could there have been, a prior adjudication of his present claim. The record shows that there were two prior divorce proceedings involving these parties. In the first action, No. 71D858, plaintiff herein filed a counterclaim, Count II of which brought before the court the question of the disposition of property in which he claimed an interest. This

count was voluntarily nonsuited, and judgment was entered on the jury's verdict against defendant on his counterclaim.

■■ In this proceeding, at issue is the recovery of the same funds that were before the court in the initial divorce action. After a careful examination of the proceedings, we agree with the trial court's finding that the disposition of Sidney S. Altman's property rights was or could have been litigated in the divorce proceedings.

■■ It is well settled in Illinois that the concept of *res judicata* includes all issues actually raised and those that could have been presented but were not. (*Bandringa v. Bandringa* (1960), 20 Ill.2d 167, 178, 170 N.E. 2d 116, 121-22; *O'Brien v. O'Brien* (1941), 311 Ill.App. 435, 445, 36 N.E. 2d 466, 470.) The purpose of the doctrine of *res judicata*, based upon the requirements of justice and public policy, is to end litigation except where the issue arises on appeal to set aside or reverse former litigation. *McCorkle v. McCorkle* (1972), 6 Ill.App.3d 1053, 287 N.E.2d 134.

■■ The criteria for applying the doctrine of *res judicata* was set forth by the court in *McCorkle v. McCorkle* (1972), 6 Ill.App.3d 1053, 1056, 287 N.E.2d 134, 136:

> "[W]hen a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it."

Applying this criteria to the facts in the instant case, we find that the two actions are between the same parties, the former adjudication was a final judgment upon the merits and was within the jurisdiction of the court rendering it. Moreover, in both actions plaintiff sought to recover the same funds, which were claimed by both parties.

In *Dryz v. Bol* (1958), 19 Ill.App.2d 406, 153 N.E.2d 859, the plaintiff filed a complaint in equity against his former wife, seeking to establish a resulting trust in real estate which was allegedly purchased with his own funds. In a prior divorce case, the court did not expressly adjudicate the controversy presented in the subsequent case, but the record revealed that the parties intended to bring and brought before the court the question of the disposition of all property in which both had a possible claim or interest. It was concluded that the matter at issue in the subsequent case had been decided by the divorce court, and that its failure "to specifically mention the question at issue in the instant case does not impair the application of the doctrine of estoppel by de-

cree. *City of Elmhurst v. Kegerreis,* 392 Ill. 195, 208." 19 Ill.App.2d at 410.

In our opinion, the plaintiff in the instant case intended to bring and did bring before the divorce court the question of the disposition of the funds in which he had a possible claim or interest. The case was tried before a jury, and judgment was entered against defendant on his counterclaim. Since the question of the disposition of property rights was raised in the prior divorce action, we hold that the trial court did not err in finding that the issues presented in plaintiff's present action were or could have been litigated in the divorce proceedings.

Plaintiff contends that a tort action seeking money judgment is not within the jurisdiction of the divorce court. As authority for this proposition, he cites the following language from *Cross v. Cross* (1954), 2 Ill. 2d 104, 108, 116 N.E.2d 892, 895:

> "It is the established rule that the jurisdiction of a court hearing divorce matters is based upon statute rather than upon general equity powers."

In our opinion, the foregoing case is not authority for the argument advanced by plaintiff. In *Cross,* the wife was granted a decree of divorce which reserved the question of property rights. In a supplemental counterclaim, the wife alleged an interest in certain real estate belonging to her deceased husband although no property settlement was ever made pursuant to the reservation in the decree of divorce. The trial court refused to hear evidence by which appellant sought to establish an equitable interest in the property. The Supreme Court of Illinois reversed, concluding that the appellant was entitled to a full hearing on the issue raised and that the court erred in refusing proof of the equities alleged. Here, plaintiff was not precluded by the court from presenting proof of his claim in the original divorce action.

■■ In a divorce action, the court may adjust the equities of the parties in any property owned by them jointly. (*Podgornik v. Podgornik* (1945), 392 Ill. 124, 63 N.E.2d 715.) Here, plaintiff claims that the property at issue belonged to both parties, while defendant alleged that plaintiff had no ownership interest therein. Therefore, we believe that the determination of the parties' equitable interests in the property was properly before the court in the divorce action.

Secondly, plaintiff contends that collateral estoppel does not apply to claims in new suits under a new theory even though the facts pleaded are the same. He urges that he should have been permitted to maintain the instant action because the relief sought in this case is different from that sought in the divorce action.

In the divorce proceeding, Count II of plaintiff's counterclaim prayed for an accounting, payment of funds found due him, and a constructive trust placed upon trust accounts in the name of Marc H. Diament. Here, defendant seeks a money judgment. However, plaintiff sought the recovery of the same funds in both actions. In our opinion, the issue was the disposition of property rights between husband and wife and was or could have been litigated in the divorce proceedings.

As support for his contention, plaintiff relies upon the following language in *Gudgel v. St. Louis Fire & Marine Insurance Co.* (1971), 1 Ill.App.3d 765, 771, 274 N.E.2d 597, 601-02:

> "The Illinois courts have recognized that where a plaintiff is defeated in an action based on a certain theory of his legal rights or as to the legal effects of a given transaction or state of facts through failure to substantiate his view of the case, this will not as a rule preclude him from renewing the litigation without any change of facts, but basing his claim on a new and more correct theory."

The court went on to state:

> "The new theory may not be merely a change in theory of what is essentially a single cause of action. If that is the case, the doctrine of *res judicata* will apply."

*Gudgel* was not a matter between husband and wife. That controversy arose out of a motor vehicle accident. Plaintiff's first action was in tort and was based on a theory of agency. The second action was brought in contract and was based upon a policy of insurance. Here, however, the parties were husband and wife, and the subject matter at issue in both actions was two bank accounts in which they both claimed an interest. Thus, we find that both actions concern the adjustment of property rights between husband and wife, and the same cause of action is involved in both instances.

In so holding, we are mindful that the burden of proving *res judicata* is on the party relying upon the prior bar. We note, however, that there was no disputed issue of fact regarding the subject matter before the court in the prior action. The record reveals that the same parties and the same cause of action were involved in both the present and the former proceedings. Thus, we find no error in the trial court's conclusion that the issues presented in this action were or could have been adjudicated in the prior proceedings.

Finally, we turn to plaintiff's contention that a voluntary nonsuit permits him to file anew. The record of the original divorce action reveals that the jury returned its verdict on May 22, 1972, and that

counter-plaintiff obtained a nonsuit on his counterclaim on October 17, 1972.

■■ The general rule in Illinois is that a nonsuit may not be granted after trial has commenced. (*Gilbert v. Langbein* (1951), 343 Ill.App. 132, 98 N.E.2d 140.) Here, however, the nonsuit in the original divorce action was granted almost 5 months after the jury returned its verdict but on the same day that judgment was entered on the verdict. Since the nonsuit was granted after plaintiff's claim was decided by the jury, we disagree with his contention that the nonsuit permitted him to begin his action anew.

For the foregoing reasons, we hold that the trial court did not err in finding that the issues presented in this complaint were or could have been adjudicated in prior divorce proceedings. The judgment of the circuit court of Cook County is, therefore, affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.