*In re* ESTATE OF AVIS C. SCOTT, Deceased.—(CAROL DIANE PUTNAM HERMAN, Plaintiff-Appellee, *v.* HARRELL C. MATHIS, Individually and as Ex'r of the Estate of Avis C. Scott, Deceased, Defendant-Appellant.)

Third District   No. 75-20

Opinion filed June 10, 1976.—Rehearing denied July 20, 1976.

George W. Crampton, of Rock Island (Jane Harley Pratt, of counsel), for appellant.

Joseph Ramsey, Jr., of Washington, D.C. (Robert Howard, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Avis C. Scott (decedent), died testate, a resident of Mercer County, Illinois, on March 9, 1961; her will was admitted to probate there on May 8, 1961, and defendant, her sole surviving son, was appointed executor. Petitioner is the daughter of Jack Mathis, a predeceased son of decedent; petitioner and defendant are the only heirs at law and the only testamentary beneficiaries except as to continent remainders in non-Illinois realty. Plaintiff filed her petition herein February 9, 1971, to enforce an accounting by defendant-executor. Defendant's answer to the petition set forth a copy of his mother's will; a copy of an assignment dated September 21, 1960, between his mother and Scott Farm Company, a corporation (whereby she purportedly assigned certain assets to the corporation for all its shares); a stock option agreement under the same date of September 21, 1960 (whereby decedent purportedly gave defendant an irrevocable option to purchase all her Scott Farm shares on an unsecured note); and a copy of a decree entered May 14,

1964, in Warren County Circuit Court. The Warren County decree was entered in a cause initiated by Scott Farm Company and defendant, in his individual capacity and as decedent's executor; petitioner here was a defendant in that cause along with several Federal land banks and others. That decree shows that petitioner defaulted therein for want of an answer or pleading.

In the proceedings here, to enforce an accounting, the court entered an order on October 30, 1974, with a written opinion requiring defendant to account and holding him estopped from claiming therein, as expenses of decedent's estate, the Federal estate and Illinois inheritance taxes and "all other debts," claims, and expenses of the Avis Scott estate, which the Mercer County Circuit Court found to be the primary debts of Scott Farm Corporation by the effect of the prior Warren County decree. Defendant appeals from this ruling, and from the order entered the next day, on October 31, 1974, denying his motion to hold the order to account in abeyance until Scott Farm Company would be made a party to this cause.

Decedent's will, executed September 22, 1960, after ordering the payment of debts, costs of administration and Illinois inheritance taxes, gives all her Illinois property to defendant personally. In respect to certain Texas parcels, it provides that one-half the production rights should go to defendant and that, subject to these production rights, petitioner should have the non-Illinois property for her life only, remainder equally, per stirpes, to the descendants of petitioner living at her death, if any, but if none, to defendant per stirpes. The last paragraph recites that the executor may advance any funds belonging to her estate for the payment of decedent's debts, costs of administration and taxes but that the total amount thereof, other than State inheritance taxes, should be paid one-half out of real estate in States other than the State of Illinois and until paid, together with all inheritance taxes attributable thereto, the amount thereof shall be a lien in favor of her estate and enforceable upon said real estate.

The assignment executed by decedent under date of September 21, 1960, recites that decedent is the owner of 1360 acres of farmland in Illinois which she received through the estate of her husband, Preston, who died in 1957, and that it is heavily indebted by reason of administration costs in his estate and succession taxes in his estate, and because of operational losses incurred during the period of his terminal illness. It recites decedent's ownership of considerable Texas real estate and of an escrowed account of $40,000 cash in a Texas bank to be applied to succession taxes in Preston's estate. All of her Illinois property, excepting her residence and certain personal effects, but together with the

escrowed Texas bank account, are assigned to Scott Farm Company in exchange for all its 5000 capital shares and its promise to assume and to pay all the foregoing debts and obligations of Avis Scott.

The stock purchase agreement executed on the same day, September 21, 1960, provides that for a legal consideration, defendant shall have the irrevocable option of purchasing all decedent's shares of Scott Farm Company for a certain price on his non-interest-bearing and unsecured promissory note. The answer claims that this option was exercised by defendant and that sums are owing from him to decedent's estate on said note.

The Warren County decree entered May 14, 1964, from its recitations, was a suit in chancery to require the Federal Land Bank of Houston to reinstate a $74,000 mortgage on decedent's Texas real estate which was consummated by her and the bank on February 18, 1961. The decree finds that the proceeds of this loan had been disbursed to decedent prior to her death on March 9, 1961 and that she had delivered these to Robert Grier, agent of the Federal Land Bank Association of Monmouth, also a defendant, who disbursed all of the same prior to the death of Avis Scott to repay loans of the Monmouth bank to Avis Scott or Scott Farm Company, to repay loans by Scott Farm Company to Avis Scott, and to pay the county collector of Mercer County certain Illinois inheritance taxes owed by Avis Scott in respect to her inheritance from Preston. The decree also finds that on February 18, 1961, decedent caused Scott Farm Company, with the personal guarantees of decedent and defendant, to consummate a real estate loan on the Illinois farmland with the Federal Land Bank of St. Louis for $163,160, the proceeds of which were disbursed for the credit of Scott Farm Company to the Monmouth bank, but some of which, by mistake of fact, was misapplied after the death of Avis Scott to the repayment of the Texas real estate loan of the Federal Land Bank of Houston. It finds that the latter bank then erroneously and unilaterally released the mortgage on the Texas lands on August 29, 1961, and decrees that the cancellation was by mistake of fact, without the consent of the executor and a nullity, and orders that mortgage loan reinstated and that the proceeds thereof be returned to the Federal Land Bank of St. Louis to be disbursed to the credit of Scott Farm Company. It also finds that the foregoing instruments and mortgages were a part of the estate plan of decedent to carry out the provisions of her will by providing a fund for the apportioned payment of all the claims, costs of administration and taxes of any kind against her own estate as well as those in the estate of Preston Scott, so that these would be paid partly out of the Texas lands and partly out of the Illinois lands. Accordingly the $74,000 received by decedent during her lifetime was first allocated by her to the payment of debts Scott Farm Company had agreed to pay,

"leaving," according to the decree, "*Scott Farm Company to apply the net proceeds of* * * * [its Illinois mortgage] * * * *to the payment of such* other *of her debts and obligations and claims, costs of administration and taxes in the order and at the time or times it should determine to pay the same in consideration of the then unliquidated and contingent character of the same* * * *."* (Emphasis added.)

In the absence of any proof or claim of changed circumstances or agreements since the entry of the Warren County decree, this specific finding in the decree to which the litigants here, together with Scott Farm Company, are parties, is material and controlling on the issue raised in this pending case, and supports the circuit court's finding that defendant-executor is estopped in these proceedings from now asserting that any such liabilities left for Scott Farm Company to pay from the proceeds of its mortgage are the debts of decedent's estate. (*Hinkle v. Tri-State Transit, Inc.*, 21 Ill. App. 3d 134, 315 N.E.2d 289 (4th Dist. 1974); see *Hoffman v. Hoffman*, 330 Ill. 413, 418, 161 N.E.723 (1928) and 28 Am. Jur. 2d *Estoppel and Waiver* §70 (1966).) That decree, however, refers only to "other debts" and thereby does not purport to include as an obligation of Scott Farm Company, any liability for decedent's personal obligation on the Texas mortgage. The circuit court's ruling here does not adjudicate the liability of Scott Farm Company for debts, nor does it determine from what assets the Texas mortgage balance should be paid, but merely precludes defendant-executor from asserting against petitioner in his accounting, a position contrary to that which he successfully asserted against her in the Warren County decree. Scott Farm Company was not a necessary party to the determination of that issue by the Mercer County Circuit Court in proceedings between petitioner and defendant and the court did not err in refusing to hold its order in abeyance. Petitioner is an interested party in the Illinois estate proceeding and is entitled to an accounting.

Appellant argues that in the Warren County case "no allegations and no proof was offered to alter or amend the terms of the assignment or the provisions of the will" and that, therefore, the terms of these instruments control and not the recitations of the decree, and that the recitations of the latter may not, therefore, operate as an estoppel. We disagree. By the terms of the assignment, Scott Farm Company undertook the obligation, among others, to discharge Avis Scott's Illinois inheritance tax liability to the State of Illinois. In the Warren County complaint, however, Scott Farm Company and defendant clearly alleged an amendment of the plan, *viz.*, that these debts assumed by the Scott Farm in the assignment were in fact paid from the proceeds of the loan to decedent on her Texas mortgage, and that the two mortgages were made only as a means of allocating obligations for expenses of her own estate and Preston's estate,

leaving Scott Farm Company obligated to pay all such other debts as she had not paid from the Texas loan proceeds.

The judgment of the circuit court was correct and is affirmed and the cause is remanded for further proceedings. The costs of the additional excerpts are assessed against plaintiff-appellee.

Affirmed and remanded for further proceedings.

STOUDER, P. J., and ALLOY, J., concur.