KNOLLWOOD HORIZONS, INC., Plaintiff-Appellant, *v.* THE CITY OF FREEPORT, Defendant-Appellee.

Second District (2nd Division)   No. 75-472

---

Opinion filed November 24, 1976.

Donald J. Miller, of Forreston, for appellant.

John G. Garrity, of Freeport, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

In 1968, the City of Freeport sponsored a $3,400,000 revenue bond issue for the installation of a sewer system around the periphery of its corporate limits in order to give sewage disposal service to unserved areas of the City and to nonresidents. Tap-in fees, charged all nonresidents who availed themselves of the sewer system, were earmarked, along with other revenue sources, for amortizing the revenue bonds. Plaintiff, an owner and operator of a mobile home park located outside the corporate limits of Freeport, requested permission to connect its sewer system into the City's expanded sewer system. The parties have stipulated that on December 6, 1972, the City orally agreed to provide plaintiff sanitary sewer service, and to charge plaintiff a tap-in fee of $200 per building or home connected to the sewer system. The $200 tap-in fee was the connection fee levied under the then-existing ordinance.

The agreement was confirmed in a letter from the City to the plaintiff dated December 8, 1972, wherein the City outlined for the plaintiff the procedural steps needed to be taken before connecting its buildings to the system. In a reply letter, dated December 20, 1972, plaintiff requested permission from the sewer and water commission to connect one building into the City's sanitary sewer system. Plaintiff enclosed two checks—the inspection and tap-in fees charged for a single building connection—but included in the letter a statement saying that the tap-in fee was being paid under protest pending the outcome of a law suit challenging the constitutionality of the ordinance. In February, 1973, the Circuit Court of Stephenson County held, in an unrelated case, that the tap-in fee section of the City's ordinance was unconstitutional because of vagueness as the ordinance failed to adequately define the meaning of "unit." On February 20, the city council amended its ordinance and defined the meaning of "unit" with greater specificity. The amendment did not increase the tap-in fee charged plaintiff but merely defined the manner in which units were to be determined.

After February 20, 1973, plaintiff connected nine additional buildings to the City's sewer system. Plaintiff remitted $615 in fees for three of these nine buildings, but refused to pay for the remaining connections. On January 11, 1974, the City notified plaintiff that if the additional tap-in fees were not forthcoming, service would be discontinued. Shortly thereafter, plaintiff filed a complaint seeking a declaratory judgment and an injunction against the City to bar it from collecting additional fees.

Subsequent to the filing of this suit, plaintiff connected 15 more buildings to the City's sanitary sewer system.

In its complaint, plaintiff alleged that the earlier ordinance was in effect at all relevant times, and because it was held invalid, the City was estopped from charging plaintiff a connection fee. The City, admitting that the earlier ordinance was in effect at the time plaintiff connected its first building to the system, stated that all of plaintiff's subsequent connections were made after the enactment of the amended ordinance. It therefore counterclaimed for the balance of the amount owed, and the matter was submitted to the court on the pleadings and stipulations, together with written briefs.

In a memorandum opinion, the court held that the earlier court decision holding the ordinance unconstitutional was not controlling as to the connections made after the ordinance was amended; that the plaintiff had agreed to pay the City the sanitary sewer connection and inspection fee; that the City had the power to determine the fees charged nonresidents for sanitary sewer service; and that the City had the power to amend its ordinance. The court found the plaintiff obligated to the City for sewer connections made subsequent to the amendatory enactment, entered judgment against plaintiff for $5000, but granted plaintiff a $200 set-off for the single connection fee levied under the earlier unconstitutional ordinance.

■■ Plaintiff contends that the trial court erred in refusing to recognize the doctrine of *res judicata* as applicable to this case. It argues that the City is estopped from charging it a fee for sanitary sewer connections due to the earlier circuit court decision which held the tap-in fee section of the original ordinance invalid.

Where a former adjudication is relied on as an absolute bar to a subsequent action, it must be shown that the cause of action, the subject matter of the controversy, and the parties are the same in both proceedings. (*Hoffman v. Hoffman* (1928), 330 Ill. 413, 417; *Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 36.) The plaintiff was neither a party nor privy to the earlier suit. The City did not seek to recover its fees under the former ordinance but, rather, sought recovery for connections made under the amended ordinance. Thus, the doctrine of *res judicata* is inapplicable.

Plaintiff raises, but does not argue, the point that the trial court erred in holding the City had the power to determine conditions and charges for furnishing services to the plaintiff in contravention of a written agreement between it and the City. The Cities and Villages Act clearly grants a city the power to charge a connection fee against new or additional users of its extended sewer system. (Ill. Rev. Stat. 1971, ch. 24, par. 11—150—1.) Moreover, the record indicates that there was no written agreement

between parties, and that the oral agreement between them related to the earlier ordinance which was subsequently ruled, in part, invalid. We therefore find this contention to be without merit.

■■■ Plaintiff asserts that the amended ordinance is unconstitutional in that it unreasonably discriminates between residents and nonresidents by charging only nonresidents a tap-in fee for connecting into the sewer system. Plaintiff argues that the City must, on the same financial terms, render services to residents and nonresidents alike. While the City admits that residents are charged no tap-in fee, it argues that the fee levied against nonresidents is not discriminatory because the funds thus collected are used, along with other revenue sources, to amortize the revenue bonds which permitted the sewer system to be expanded beyond its corporate limits.

It is not unconstitutional to charge nonresidents a fee for purposes of defraying the costs encountered in extending the sewer system which primarily benefits them. (See *Spalding v. City of Granite City* (1953), 415 Ill. 274, 281.) In *Spalding*, the city had extended its sewer system into a part of the city which had no existing sewer system. The court noted that the extended system would serve only the property located in that part of the city; that property owners in the other parts of the city should not pay for a sewer extension which benefited only the residents of a certain area; and that it was proper that the burden of the extension should be borne by the property owners in that area who elect to have the benefit of the use of the existing sewer for which they paid nothing in taxes. The court held it was a reasonable classification to require the residents of the area to pay the cost of constructing the sewer system by which the sewage would be carried from their locality. Absent any showing of disparity between the fees charged nonresidents similarly situated, we conclude the City's ordinance is constitutional.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.